UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEROME WILLIAMS,

    Plaintiff,

Case No:

v.

E. COMMERICAL DONUTS, LLC
d/b/a DUNKIN DONUTS.

    Defendant.
_____/

# COMPLAINT

Plaintiff, JERMOE WILLIAMS, by counsel, sues the Defendant, E. COMMERCIAL DONUTS, LLC d/b/a/ DUNKIN DONUTS, and alleges:

## JURISDICTION AND VENUE

1. This action arises under the provisions of 29 U.S.C. §§201, et seq., otherwise known as the Fair Labor Standards Act ("FLSA").

2. This Court has jurisdiction pursuant 28 U.S.C. §§1331 and 1337.

3. Venue is proper pursuant to 28 U.S.C. §1391(b), as Plaintiff worked for Defendant in Broward County, Florida, and the actions giving rise to these claims arose in Broward County, Florida.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

5. At all times material hereto, Defendant was, and continues to be, a Florida limited liability company operating in Broward County, Florida, at which Plaintiff worked.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum, or the prorated amount for the same during the time Defendant has been open for business, during the relevant time periods.

11. At all times relevant hereto, Defendant was primarily engaged in operating a coffee shop in Broward County, Florida.

12. At all times relevant hereto, Defendant had more than two (2) employees.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

15. At all times material hereto, Plaintiff was engaged in the production of goods for commerce, or providing services in commerce, and subject to the individual coverage of the FLSA.

16. At all times material hereto, the worked performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. Defendant operates a coffee shop, doing business as Dunkin Donuts, in Broward County, Florida.

18. Plaintiff worked between thirty-two (32) to forty (40) hours each week at Defendant's store located at 751 East Commercial Boulevard, Oakland Park, Florida, as a non-exempt hourly employee, from January 15, 2020 to the present, at an hourly rate of $9.00 per hour.

19. Defendant failed to maintain proper time records as mandated by the FLSA.

20. To date, Plaintiff has worked 248 hours.

21. To date, Plaintiff has received **zero pay** for all hours worked, in violation of the FLSA.

22. At all times material hereto, Defendant knew Plaintiff was working, and willfully and intentionally failed to pay Plaintiff a minimum wage for all hours worked.

23. Based on the allegations above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith believe that its pay practices were complaint with the FLSA.

24. Plaintiff has retained undersigned counsel and has agreed to pay reasonable attorneys' fees and costs incurred in the prosecution of this lawsuit.

## **COUNT I - FLSA MINIMUM WAGE VIOLATION**

Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

25. This is a claim under the FLSA, wherein, the Defendant willfully and intentionally failed to pay Plaintiff a minimum wage.

26. Defendant knew or showed reckless disregard for whether the FLSA prohibited its' conduct.

27. Plaintiff is entitled to recover unpaid minimum wages pursuant to the FLSA, for all hours worked.

WHEREFORE, Plaintiff demands judgment against Defendant for all minimum wages owing from Plaintiff's employment with the Defendant or as much allowed under the FLSA, for the award of statutory attorneys' fees,

liquidated damages, costs, pre-judgment interest, and for any and all other relief that this Court finds just and reasonable.

## **COUNT II - BREACH OF CONTRACT**

Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

28. Plaintiff and Defendant entered into a compensation agreement to pay Plaintiff an hourly rate of $9.00, for each hour worked.

29. Plaintiff accepted Defendant's verbal offer to work for said compensation and, in consideration for, and reliance of same, Plaintiff engaged in work on Defendant's behalf.

30. Defendant willfully failed to pay Plaintiff the agreed upon wages accrued and earned for all hours worked, necessitating this lawsuit.

31. Plaintiff is owed his full hourly rate for all hours worked.

32. Plaintiff has been damaged due to Defendant's willful failure to pay Plaintiff his agreed upon compensation and resulting breach of the agreement.

33. Pursuant to §448.08, Florida Statutes, Plaintiff, who was is an employee of the Defendant, is entitled to costs of this action and his reasonable attorneys fees.

**WHEREFORE**, Plaintiff requests this Court to enter a judgment against Defendant for damages and prejudgment interest, together with costs of suit and

reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff request a trial by jury on all matters so triable as a matter of right.

>THE LONGO FIRM, P.A.
>*Attorneys for the Plaintiff*
>12555 Orange Drive, Ste. 233
>Davie, FL 33330
>Tel: (954) 862-3608
>Fax: (954) 944-1916
>
>BY:   /s/ Micah J. Longo
>MICAH J. LONGO
>Fla. Bar No: 97333
>mlongo@longofirm.com